IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEALA ABOR,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-245-L-BW |
| | § | |
| STEPHEN JOSEPH RUSSELL, et al.<br>　　　Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Stephen Joseph Russell's ("Judge Russell") Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 8 ("Motion") ("Mot.").)  Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred to the undersigned United States magistrate judge for pretrial management and recommendation on dispositive motions. (*See* Dkt. No. 1.)

As explained below, Abor has not established federal subject matter jurisdiction, so the Court should sua sponte dismiss this case without prejudice, and Judge Russell's Motion to Dismiss (Dkt. No. 8) should be denied as moot.

### I.  BACKGROUND

Abor filed this action pro se on January 30, 2025, alleging a laundry list of federal and state claims against Judge Russell, Kaufman County Clerk Laura Hughes, and Kaufman County. (*See* Dkt. No. 3 ("Compl.") at ECF p. 3.)  The record does not reflect that Abor has effected proper service on any of the Defendants, including Judge Russell, but Judge Russell has nevertheless entered an

appearance and filed the present Motion.[1]  Abor filed a response on March 5, 2025 (Dkt. No. 10), to which Judge Russell filed a reply on March 18, 2025 (Dkt. No. 12). Therefore, the Motion is ripe.  Thereafter, on May 16, 2025, the undersigned issued an Order (Dkt. No. 13) directing Abor to "file a written response supported by evidence or facts to show the Court that it has subject matter jurisdiction over this lawsuit." (*See id*. at 10.)  Abor's response was due on June 6, 2025.  (*Id*.)  No response has been filed.

Abor's claims appear to arise from the foreclosure of real property located at 2118 Devonblue Drive, Forney, TX 75126 (the "Property"), and subsequent eviction proceedings after the Property was subject to a foreclosure sale.  (*See* Compl. at ECF p. 4.)  Abor is also a party to other litigation pending in this district relating to the foreclosure action.  *See Abor, et al. v. Planet Home Lending, LLC, et al.*, Case No. 3:24-CV-02205-B-BW (N.D. Tex.).[2]  In addition, Abor has been a party to two other

---

[1] Abor filed a request for clerk's entry of default on March 6, 2025 (Dkt. No. 9), which the clerk declined to enter as Abor's service on defendants failed to comply with Fed. R. Civ. P. 4(c)(2) (*see* Dkt. No. 11).  Abor filed affidavits of service which appear to indicate that she personally sent copies of the summons and complaint to Defendants via certified mail.  (*See* Dkt. Nos. 5, 6, and 6.)  Rule 4(c)(2) identifies who can serve process, and it clearly states that the plaintiff cannot: "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

[2] In the other lawsuit, Abor and her husband, C L Abor (collectively, "the Abors"), sued Planet Home Lending, LLC ("Planet Home"), the mortgage servicer of the loan on the Property, and Auction.com, which handled the foreclosure sale of the Property.  *See Abor*, No. 3:24-CV-02205-B-BW.  According to the complaint, the Abors executed a note secured by a mortgage on the Property, servicing of which eventually transferred to Planet Home.  *See id*., Dkt. No. 3 ¶¶ 10-11.  On December 4, 2023, Planet Home issued a Notice of Default and Intent to Accelerate.  *Id*. ¶ 13.  On January 29, 2024, the Abors received a Notice of Substitute Trustee's Sale.  *Id*. ¶ 22.  On April 2, 2024, the loan was foreclosed, and

lawsuits in this district related to the foreclosure action, both of which were dismissed without prejudice for lack of subject matter jurisdiction. *See Abor, et al. v. Frazier, et al.*, Case No. 3:24-CV-522-K-BN (N.D. Tex.);[3] *Abor, et al. v. Frazier, et al.*, Case No. 3:24-cv-00777-B-BK (N.D. Tex.).[4] Abor is also a party to two state cases filed in February and March 2024. *See Abor v. Frazier*, No. 116369-422 (489th Jud. Dist. Court, Kaufman Cnty.); *Abor v. Frazier*, No. 116603-489 (489th Jud. Dist. Court, Kaufman Cnty.). Abor also alleges in the present lawsuit that she is the prevailing party in another Kaufman County case, *Bernard Mgmt. v. Abor*, Case No. 24C-214. (*See* Compl. at ECF p. 3, ¶ 3.)

Abor alleges that the Kaufman County eviction proceedings were unlawful for various reasons. (*See generally* Compl.) Abor's complaint vaguely alleges "fraudulent eviction proceedings," "discriminatory docket management," and "post-judgment misconduct." (*See* Compl. at ECF p. 3.) The primary basis for her "fraudulent eviction" allegations is that eviction was entered "despite pending federal ownership dispute" (apparently referring to her wrongful foreclosure claims in Case No. 3:24-CV-02205-B-BW, currently pending before this Court). (*Id.* at ECF p. 4, ¶¶

---

the property was sold at auction. *Id.* ¶ 24. The Abors' complaint asserts various claims arising from what they allege was wrongful foreclosure of the Property. *See id.* ¶¶ 29-74.

[3] In this other lawsuit, the Abors sued Attorney Thuy Frazier and McCarthy Holthus LLP, the attorney and law firm involved in the foreclosure proceeding. *See Abor*, Case No. 3:24-CV-522-K-BN, Dkt. No. 3.

[4] Here, the Abors sued Frazier and McCarthy Holthus, along with Planet Home Lending and Auction.com, also related to the foreclosure proceeding. *See Abor, et al. v. Frazier, et al.*, Case No. 3:24-CV-522-K-BN

5-6.) Abor goes on to allege a variety of "jurisdictional errors" related to the eviction proceedings, including "extra-jurisdictional hearings," "misclassification" of filings, and "refusal to correct errors." (*Id*. at ECF pp. 4-5, ¶¶ 8-20.) She also alleges a financial conflict of interest based on the Justice Court's "acceptance of private bank notes for profit" and that "it financially benefits from the litigation process." (*Id*. at ECF p. 6, ¶¶ 22-24.) Finally, Abor alleges that she was subject to racial and religious discrimination as "a Black Christian female" because opposing non-minority counsel "received preferential docketing." (*Id*. at ECF p. 6, ¶¶ 25-27.)

Abor seeks an order from this Court to reverse, stay, or modify various orders entered in the Kaufman County Court by Judge Russell; compensatory and punitive damages; statutory penalties under Tex. Civ. Prac. & Rem. Code § 12.002; an injunction barring Judge Russell from presiding over matters involving Abor and her immediate family as well as preventing "retaliation" against them; and referral to state authorities for "removal proceedings" and "asset freeze." (*See* Compl. at ECF pp. 11-13.)

## II.  LEGAL STANDARDS

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331, (federal question jurisdiction); or

4

(2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332, (diversity jurisdiction).

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

Federal courts may exercise "supplemental jurisdiction" over claims lacking in subject matter jurisdiction when those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

While pleadings by pro se plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, No. 3:04-CV-0483-M, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly;" jurisdiction cannot be "established argumentatively or by mere

5

inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass*, 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, No. 2:00-CV-0064, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

Also pertinent here is the *Rooker-Feldman* doctrine, which prohibits federal subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker-Feldman* doctrine:

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotation marks and footnotes omitted); *see Spencer v. Wilson*, No. 4:18-CV-4563, 2020 WL 822096, at *1 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation marks omitted); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress.") (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted)).

There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

### III.  ANALYSIS

Abor asserts federal question jurisdiction on the basis of purported civil rights violations under the First, Fifth, and Fourteenth Amendments to the United States

Constitution in violation of 42 U.S.C. § 1983; civil conspiracy in violation of 42 U.S.C. § 1985; criminal violations under 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), 18 U.S.C. § 371 (General Conspiracy Statute, and 18 U.S.C. § 645 (embezzlement and theft by court officers); "Judicial Power Violations (U.S. Const. Art. V; Tex. Const. Art. V §1)"; and "Violations of Judicial Oath (28 U.S.C. §453)." (*See* Compl. ¶¶ 1-21.) Abor also alleges various state law claims that are analogous to the federal claims (e.g., violations of the Texas Religious Freedom Restoration Act), as well as violations of the Texas Government Code, the Texas Deceptive Trade Practices Act, and the Texas Civil Practice & Remedies Code. (*See id*.)

    While cast as federal civil rights and constitutional claims against Judge Russell and the other named Defendants, Abor's federal claims are nothing more than an impermissible collateral attack on state court orders. Accordingly, this Court lacks subject matter jurisdiction to review Abor's federal claims under the *Rooker–Feldman* doctrine. *See Jordaan v. Hall*, 275 F. Supp. 2d 778, 788–89 (N.D. Tex. 2003) (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack—in the guise of a federal civil rights action—the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action).

    In one of the related lawsuits mentioned above, the Abors' request for an injunction was denied because both the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, and the *Rooker-Feldman* doctrine supported the Court's refusal to interfere

with state court proceedings. *See Abor v. Planet Home Lending LLC*, No. 3:24-CV-02205-B-BW, 2025 WL 582159 (N.D. Tex. Feb. 7, 2025), *adopted* 2025 WL 581450 (N.D. Tex. Feb. 21, 2025). As in the present action, the Abors alleged that the state court wrongfully entered the eviction order while their wrongful foreclosure lawsuit was pending and sought an injunction to enjoin state officials and others from moving forward with an eviction order issued against them. *See id.* at *2.

Abor seeks monetary and non-monetary relief in this lawsuit. (*See* Compl. at ECF pp. 11-13.) As for the non-monetary relief, to the extent that Abor asks this Court to act as an appellate court by reversing, staying, or modifying any orders issued by Kaufman County Court, the *Rooker-Feldman* doctrine expressly forecloses jurisdiction over such requests. *See, e.g.*, *Truong*, 717 F.3d at 382; *Weekly*, 204 F.3d at 615; *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009) ("Generally speaking, the *Rooker-Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions."). "[N]o matter her dissatisfaction with the state eviction action, [plaintiff] may not seek recourse in federal court." *Vaughns v. Dallas Cnty. JP Cts.*, No. 3:23-CV-1393-K-BK, 2023 WL 5488786, at *2 (N.D. Tex. July 28, 2023), *adopted*, 2023 WL 5489052 (N.D. Tex. Aug. 23, 2023).

As for monetary relief, the *Rooker-Feldman* doctrine does not bar claims for such relief that are independent of the state court judgment. *See, e.g.*, *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385 (5th Cir. 2022). But it does

preclude jurisdiction over claims for monetary relief in which a federal district court must "review and reject the state court's decision," or when the plaintiff's claims are "inextricably intertwined with a state court judgment." *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017). If the source of injury is the state-court judgment, and not an allegedly illegal act or omission by an adverse party, then *Rooker-Feldman* applies. *See Truong*, 717 F.3d at 383 (citing *Exxon Mobil Corp.*, 544 U.S. at 284) (further citations omitted).

Here, Abor seeks damages for emotional duress and reputational harm arising from the Kaufman County eviction proceedings, which she alleges were fraudulent for the reasons described above. (*See generally* Compl.) She has not alleged any independent injury caused by the alleged act or omission of a third party. Rather, her claims are "inextricably intertwined" with the Kaufman County eviction proceedings, and to award her relief this Court would have to review and reject that judgment. *See, e.g.*, *Welsh v. Thorne*, 2022 WL 21714766, at *7 (N.D. Tex. June 30, 2022), *rec. accepted* 2023 WL 6460502 (N.D. Tex. Oct. 4, 2023) (*Rooker-Feldman* applied when the source of injury was the state court order, and the claims were "inextricably intertwined" with that order).

Further, even if the *Rooker-Feldman* doctrine did not apply, Abor fails to plead any factual allegations that support federal jurisdiction. Even under the liberal reading required of pro se pleadings, the factual allegations in Abor's complaint fail to set out allegations to establish federal jurisdiction. Merely citing a federal statute or law without any factual allegations is not enough to establish federal jurisdiction.

*See, e.g.*, *Gilbeaux v. Univ. of Texas Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (finding citation to a federal statute in the heading of a court designed complaint form insufficient to invoke federal jurisdiction) (quoting *Fountain v. New Orleans Pub. Serv. Inc.*, 265 F. Supp. 630, 632 (E.D. La. 1967)); *see also Cavaness v. Dallas Cnty.*, No. 3:24-CV-00135-L (BT), 2024 WL 1838992, at *4 (N.D. Tex. Apr. 5, 2024), *rec. accepted*, 2024 WL 1837975 (N.D. Tex. Apr. 26, 2024), *appeal dismissed*, No. 24-10675, 2024 WL 5347228 (5th Cir. Sept. 16, 2024); *Isom v. Texas Dep't of Transp.*, No. 3:21-CV-1350-B-BK, 2021 WL 3434993, at *2 (N.D. Tex. July 15, 2021), *adopted sub nom.*, 2021 WL 3421415 (N.D. Tex. Aug. 5, 2021) ("fleeting mention" of federal statutes did not establish federal question jurisdiction). For example, Abor avers that she was discriminated against because she is "an African-American Christian woman," but her complaint is devoid of any facts to support this conclusory allegation. (*See* Compl. at ECF pp. 3, 6.) Abor avers only that opposing counsel in her case "received preferential docketing" and "no African American judges serve in Texas['s] 254 County Courts." (*See id.*) These conclusory and speculative statements fail to support a reasonable inference that there was any deliberate discrimination based on race or religion during the eviction proceedings.

Furthermore, even were the Court to consider Abor's claims, to grant her the relief requested, the Court would have to determine that the underlying state court judgment was tainted and therefore void. Such claims are inextricably intertwined with the state court judgment. *See, e.g.*, *Magor v. GMAC Mortgage, L.L.C.*, 456 F.

App'x 334, 335 (11th Cir. 2011) (*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) ("Moreover, if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with merits of the state court judgment.") (citing *Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997)); *see also Starks v. Davis*, No. 3:20-CV-02771-G (BT), 2021 WL 4848855, at *3 (N.D. Tex. Sept. 24, 2021), *adopted*, 2021 WL 4846240, *aff'd*, No. 21-11154, 2022 WL 17591477 (5th Cir. Dec. 13, 2022).

Finally, Judge Russell is an elected Texas County Court at Law Judge and is entitled to judicial immunity from civil actions for any judicial act over which his court has jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see also Forrester v. White*, 484 U.S. 219 (1988); *Clements v. Barnes*, 834 S.W.2d 45, 46 (Tex. 1992); *Laird v. Spencer*, No. 20-30237 (5th Cir. Jan. 13, 2025). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id*. Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions, "taken in the complete

12

absence of all jurisdiction." *Id*. Therefore, Abor's claims against Judge Russell fail on this additional basis.

In sum, the Court lacks subject matter jurisdiction over Abor's claims, and this case should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned **RECOMMENDS** that this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and Defendant Stephen Joseph Russell's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 8) be **DENIED AS MOOT**.

**SO RECOMMENDED** on June 17, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).